IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE JOHNSON,

    Plaintiff,

    v.

STEPHANIE GOODENOW, *et al.*,

    Defendants.

Case No. 26-2005-EFM-ADM

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**
**AND**
**REPORT AND RECOMMENDATION OF DISMISSAL**

On January 5, 2026, pro se plaintiff Kyle Johnson ("Johnson") filed this case purporting to assert civil-rights violations under 42 U.S.C. § 1983 and discrimination under Title II of the Americans With Disabilities Act ("ADA") against state court judges and state entities involved in his ongoing family court case in Johnson County, Kansas. (ECF 1.) At the same time, he moved for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF 4.) As discussed in further detail below, the court grants Johnson leave to proceed IFP, but recommends that the district judge dismiss his complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

I.    **JOHNSON MAY PROCEED IFP**

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefore, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefore." Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within "the sound discretion of the

district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). The court has carefully reviewed the financial affidavit Johnson provided in support of his motion (ECF 4-1), and the court finds that Johnson is unable to pay the filing fee required to commence this civil action. The court therefore waives the filing fee and grants Johnson leave to proceed IFP.

## II.  THE COURT RECOMMENDS DISMISSING JOHNSON'S COMPLAINT

### A.  LEGAL STANDARDS

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B). The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Because Johnson is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In doing so, however, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Johnson still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

### B.  ANALYSIS

Johnson's complaint names as defendants Judge Stephanie Goodenow ("Judge Goodenow") in her individual and official capacity; the Chief Judge of the 10th Judicial District[1] ("Chief Judge") in his/her official capacity; Johnson County District Court; and Johnson County,

---

[1] The 10th Judicial District of the State of Kansas is the Johnson County District Court.

Kansas[2] (collectively, "Defendants"). According to the complaint, Judge Goodenow "is the presiding district judge in Plaintiff's family court case in Johnson County District Court," which involves issues relating to "child support and parenting time." (ECF 1, at 2.)

Johnson's complaint alleges two causes of action: (1) a due process violation under 42 U.S.C. § 1983; and (2) disability discrimination under title II of the ADA. Johnson's § 1983 claim alleges that "Defendants, under color of state law, deprived Plaintiff of property and liberty without due process by enforcing void orders and failing to refer recusal affidavit." (ECF 1, at 3.) Johnson's ADA claim alleges that "Defendants discriminated by denying reasonable accommodations and meaningful access to court services due to disability." (*Id.*) Johnson alleges that he "provided the court with medical documentation of his disabilities," but "[d]espite this proof, three different judges imputed income, enforced support orders, seized exempt workers' compensation funds . . . , and denied or ignored repeated ADA accommodation requests (consistent remote hearings, transcripts, advocate/support person, modified exchanges due to mobility impairment)." (*Id.* at 2-3.) As for Johnson's claims under § 1983, the complaint accuses Judge Goodenow of judicial bias and states that she recently denied recusal in an order dated December 5, 2025, and did not refer his sworn affidavit "to the chief judge as required by K.S.A. 20-311d(b)." (*Id.* at 3.) The complaint further alleges that Judge Goodenow "has shelved pending motions (child-support review filed August 26, 2025; ADA accommodations; stay of orders) without ruling, continuing enforcement despite known disability and imminent harm"—actions

---

[2] Under Kansas law, the proper title for the body corporate and politic of "Johnson County, Kansas" is the board of county commissioners of Johnson County, Kansas in all suits or legal proceedings brought by or against the county. *See* KAN. STAT. ANN. § 19-105. For purposes of this Order and Report and Recommendation, the court will refer to this defendant as "Johnson County, Kansas" because that is the defendant named in the complaint.

that Johnson contends "constitute deliberate indifference and deprivation of due process." (*Id*.) As relief, Johnson requests (1) a declaratory judgment that Defendants violated § 1983 and Title II of the ADA; (2) a permanent injunction; (3) compensatory damages of $500,000 for economic and emotional harm; (4) punitive damages for deliberate indifference; (5) costs and fees; and (6) other relief the court "deems just." (*Id*.) For the reasons discussed below, the court lacks subject matter jurisdiction over Johnson's § 1983 claims because those claims are barred by Eleventh Amendment sovereign immunity and by absolute judicial immunity. The court also lacks subject matter jurisdiction over Johnson's ADA claims against Judge Goodenow and the Chief Judge, who are protected by absolute judicial immunity. Johnson's complaint also fails to state a claim under Title II of the ADA. The court therefore recommends that the district judge dismiss Johnson's complaint in its entirety pursuant to § 1915(e)(2)(B)(ii) and (iii).

### A. Dismissal for Lack of Subject Matter Jurisdiction Due to Sovereign and Judicial Immunity

#### 1. *Judge Goodenow and the Chief Judge are entitled to sovereign immunity on Johnson's § 1983 claim for damages against them in their official capacities*.

The Eleventh Amendment grants sovereign immunity to the states and its agencies and operates to divest the court of subject-matter jurisdiction. *See* U.S. CONST. amend. XI; *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar . . . ."); *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009) ("The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable."). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). State sovereign immunity applies to actions under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58,

4

66 (1989).  "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *Amaro v. New Mexico*, 737 F. App'x 882, 888 (10th Cir. 2018) (quoting *Will*, 491 U.S. at 66).

Although the Supreme Court has recognized that "this immunity from suit is not absolute," the court has "recognized only two circumstances in which an individual may sue a State."  *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  "First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance."  *Id*. (citation omitted).  "Second, a State may waive its sovereign immunity by consenting to suit."  *Id*. (citation omitted).

"In the absence of a waiver, the Eleventh Amendment forbids a suit for damages against a state in federal court."  *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993).  "If the Eleventh Amendment applies, it confers total immunity from suit, not merely a defense to liability."  *Id*. (citation omitted).  Generally, "the law considers state officials acting in their official capacities to be acting on behalf of the state and immune from unconsented suits under the Eleventh Amendment."  *Elephant Butte Irrigation Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998).  A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself," which is protected by the Eleventh Amendment.  *Will*, 491 U.S. at 70-71 (1989) (citation omitted).

Judge Goodenow and the Chief Judge are state court district judges serving in Johnson County, Kansas.  District court judges are state officials.  *Schroeder v. Kochanowski*, 311 F. Supp.

2d 1241, 1256 (D. Kan. 2004) ("As a District Judge in Saline County, Judge Hebert is a State official, whose office was created by the Kansas Constitution Article 3 § 6."); *see also Sigg v. Dist. Ct. of Allen Cnty.*, No. 11-2625-JTM, 2012 WL 941144, at *4 (D. Kan. Mar. 20, 2012) (barring official capacity claim for money damages against district court judge). Also, state officers acting in their official capacity are not considered "persons" against whom a plaintiff can bring a claim for damages under § 1983. *Will*, 491 U.S. at 71-72 (holding that states, state agencies, and state officials sued in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983). Because sovereign immunity bars Johnson's § 1983 claims seeking money damages against Judge Goodenow and the Chief Judge in their official capacities, the court recommends dismissal of those claims.

> **2.     *Judge Goodenow is entitled to judicial immunity on Johnson's § 1983 claims against her in her personal capacity.***

"Judicial immunity applies only to personal capacity claims." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011). Judges are immune from suit unless their actions were outside their judicial capacity or in the total absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Van Deelen v. Fairchild*, No. Civ.A. 05-2017, 2005 WL 3263885, at *5 (D. Kan. Dec. 1, 2005) (citing *De Young v. Kansas*, 890 F. Supp. 949, 953 (D. Kan. 1995) (holding that judges "are absolutely immune from civil damages liability for acts performed in their judicial capacities"). "In determining whether an act by a judge is 'judicial,' thereby warranting absolute immunity, [courts] are to take a functional approach, for such 'immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches[.]'" *Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009) (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988) (emphasis in original)).

Johnson argues that Judge Goodenow made rulings against him and shelved his motions, and that these actions "constitute deliberate indifference and deprivation of due process." (ECF 1, at 3.) These are arguments that Judge Goodenow's rulings and judicial actions were wrong, not that Judge Goodenow acted outside her judicial capacity or jurisdiction. The complaint also states that Johnson has filed "a sworn motion alleging judicial bias" against Judge Goodenow in his family court case, presumably based on the orders he complains about—child support orders, orders restricting his parenting time and requiring him to develop a "transportation plan," and orders "seiz[ing] exempt workers'-compensation funds," for example. (ECF 1, at 2-3.) As noted above, these challenged acts are judicial in nature. Moreover, allegations of bias do not mean that the judge has lost her judicial immunity. *See Myrick v. Greenwood*, 856 F.3d 487, 489 (7th Cir. 2017) (per curiam) (rejecting appellant's § 1983 claims alleging bias and bad faith by state court judges and court commissioners who presided over parts of divorce and child custody proceedings, as appellant did not show challenged acts were non-judicial and "judicial immunity is not overcome by allegations of bad faith or malice"). The court therefore recommends that the personal capacity claims against Judge Goodenow be dismissed because she is immune from suit.[3]

Lastly, to the extent Johnson is attempting to sue Judge Goodenow in her personal capacity for injunctive or declaratory relief, he cannot because his complaint fails to plead an ongoing violation of federal law. *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022) ("Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory

---

[3] Even if Johnson had alleged a personal capacity claim against the Chief Judge, the court would recommend dismissal of the claim for the same reason it recommends dismissal of the claim against Judge Goodenow. Johnson's contention that the Chief Judge failed to enforce KAN. STAT. ANN. § 20-311d is an argument that the Chief Judge's judicial action (or inaction) was wrong, not that the Chief Judge acted outside his/her judicial capacity or jurisdiction.

relief."). Johnson uses the past tense throughout his complaint to describe the judges' actions that allegedly constitute "deliberate indifference and deprivation of due process." (ECF 1, at 3.) For example, the complaint alleges that "Defendants issued temporary orders . . . without providing reasonable ADA accommodations or halfway exchanges"; "three different judges imputed income, enforced support orders, seized exempt workers' compensation funds . . . and denied or ignored repeated ADA accommodation requests"; "Judge Goodenow held an informal hearing . . ., considered arguments, and . . . denied recusal"; and "Judge Goodenow has shelved pending motions." (ECF 1, at 2-3.) Because Johnson does not allege ongoing violation of federal law, the court recommends that the district judge deny his requests for injunctive and declaratory relief as well.

In sum, judicial immunity bars Johnson's § 1983 claims seeking money damages against Judge Goodenow in her personal capacity, and Johnson fails to state a claim for injunctive or declaratory relief against Judge Goodenow in her personal capacity. The court therefore recommends dismissal of those claims.

### 3.    *Judge Goodenow is also entitled to judicial immunity on Johnson's ADA claim against her in her personal capacity.*

Johnson's ADA claim against Judge Goodenow is based on her alleged denial of "reasonable accommodations and meaningful access to court services." (ECF 1, at 3.) The complaint suggests that Judge Goodenow (and other judges) issued orders "requiring Plaintiff to develop a 'transportation plan' without providing reasonable ADA accommodations or halfway exchanges" and orders that "denied or ignored repeated ADA accommodation requests (consistent remote hearings, transcripts, advocate/support person, modified exchanges due to mobility impairment)." (ECF 1, at 2-3.) All of these alleged actions taken by Judge Goodenow are those normally performed by a judge and all occurred during the course of Johnson's family court case.

Johnson has not shown that Judge Goodenow acted outside her judicial capacity or jurisdiction. *Mireles*, 502 U.S. at 11-12 (holding that judges are immune from suit unless their actions were outside their judicial capacity or in the total absence of jurisdiction). Further, Johnson's disagreement with Judge Goodenow's judicial actions "does not justify depriving that judge of [her] immunity." *Stump v. Sparkman*, 435 U.S. 349, 363 (1978). Because Judge Goodenow has absolute judicial immunity, the court recommends dismissal of Johnson's ADA claim against Judge Goodenow in her personal capacity for lack of subject matter jurisdiction.

### 4. *Johnson County District Court is entitled to sovereign immunity on Johnson's § 1983 claim.*

The Johnson County District Court is a division of the courts of the State of Kansas and a *state* agency. *Sigg*, 2012 WL 941144, at *4 (concluding District Court of Allen County was an agency of the state of Kansas and citing Kan. Const. art. III, §§ 1, 6 (providing that district courts are divisions of the state judicial system)). Kansas state district courts have not "consented to suit nor has Congress abrogated sovereign immunity in this instance." *Id*. And, again, "a State is not a person within the meaning of § 1983." *Will*, 491 U.S. at 64. So, sovereign immunity applies, and the court lacks jurisdiction over Johnson's claims against the Johnson County District Court. *See Sigg*, 2012 WL 941144, at *4 (collecting cases).

### 5. *Johnson County is entitled to sovereign immunity on Johnson's § 1983 claim.*

Johnson names "Johnson County, Kansas" as a defendant apparently based upon the conduct of Judge Goodenow or the Chief Judge of the 10th Judicial Circuit—or perhaps based upon the actions or conduct of the Johnson County District Court. Those claims are barred for the same reasons that the claims against Judge Goodenow, the Chief Judge, and Johnson County District Court are barred. Johnson County is entitled to sovereign immunity.

Johnson also fails to allege any facts or unlawful conduct on the part of Johnson County, Kansas, which is required to state a claim. *See* FED. R. CIV. P. 8 (a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). And even if Johnson had provided facts against Johnson County, Kansas, his cause of action under 42 U.S.C. § 1983 is barred because a county is not a "person" suable for civil rights violations under § 1983. *See, e.g., Rohan v. Saline Cnty. Jail*, 2019 WL 1922161, at *2 (D. Kan. 2019).

### 6.  *No exception to sovereign immunity applies.*

The law recognizes a narrow exception to sovereign immunity for state officials created in *Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, "a suit challenging the constitutionality of a state official's action in enforcing state law is not one against the State." *Green v. Mansour*, 474 U.S. 64, 68 (1985) (citing *Ex parte Young*, 209 U.S. at 159-60). And, under *Ex parte Young*, "the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." *Id.* (citing *Ex parte Young*, 209 U.S. at 155-56). "*Ex parte Young* applies to both injunctive and declaratory relief." *Chilcoat*, 41 F.4th at 1214 (citation omitted).

The *Ex parte Young* exception, however, "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citation omitted). So, the *Ex parte Young* exception does not apply to defendants Johnson County District Court or to Johnson County, Kansas.

The *Ex parte Young* exception does not apply to Judge Goodenow or the Chief Judge either because "the *Ex parte Young* exception expressly prohibits injunctions toward state *judicial*

officers regarding their adjudication of the cases and controversies put before them." *Williams v. Parikh*, No. 1:23-cv-167, 2023 WL 8824845, at *6 (S.D. Ohio Dec. 21, 2023) (emphasis in original) (citing *Ex parte Young*, 209 U.S. at 163). Indeed, *Ex parte Young* itself provides that "an injunction against a state court would be a violation of the whole scheme of our government." *Ex parte Young*, 209 U.S. at 163. To make it even more explicit, *Ex parte Young* added "that the right to enjoin an individual, even though a state official, from commencing suits . . . does not include the power to restrain a court from acting in any case brought before it, either of a civil or criminal nature." *Id*. The Supreme Court reaffirmed this principle recently in *Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021). This case explained that *Ex parte Young* "does not normally permit federal courts to issue injunctions against state-court judges." *Id*. at 39. Yet this relief appears to be what Johnson seeks.

Because the *Ex parte Young* exception does not apply to Johnson's requests for injunctive and declaratory relief, Judge Goodenow and the Chief Judge are entitled to sovereign immunity from Johnson's § 1983 claims brought against them in their official capacities.

### 7.   *Recommendation to Dismiss*

Accordingly, the court recommends that Johnson's § 1983 claims against all defendants be dismissed for lack of subject matter jurisdiction. The court also recommends that Johnson's ADA claim against Judge Goodenow be dismissed for lack of subject matter jurisdiction.

### B. Johnson's Complaint Fails to State a Claim under Title II of the ADA

Count II of Johnson's complaint alleges a claim for disability discrimination under Title II of the ADA, specifically alleging that "Defendants discriminated by denying reasonable accommodations and meaningful access to court services due to disability." (ECF 1, at 3.) For

11

the reasons discussed below, the court recommends dismissal of Johnson's ADA claim against all defendants because his complaint fails to state a claim under Title II of the ADA.

Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

The first element of a discrimination claim under the ADA is proof that the plaintiff has a qualifying "disability" under the statute. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The statute does not define the term "major life activities," but an EEOC regulation defines it as "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2(i).

Johnson alleges he is qualified individual with disabilities because he suffers from "partial paralysis, chronic debilitating back pain from 2016 spinal fusion injury, Asperger's syndrome

lifelong, and related impairments substantially limiting major life activities." (ECF 1, at 2.) Johnson's complaint, however, does not specifically allege what major life activities are affected. The closest the complaint comes is an allegation that Johnson has a "disability-related inability to drive" for which he has requested ADA accommodations, such as requests for "consistent remote hearings, transcripts, advocate/support person, [and] modified exchanges due to mobility impairment." (ECF 1, at 2-3.) But driving is not considered a major life activity under the ADA. *Kellogg v. Energy Safety Servs., Inc.*, 544 F.3d 1121, 1126 (10th Cir. 2008). Johnson's complaint therefore does not plausibly plead facts that allow the court to draw the reasonable inference that Johnson has a qualifying disability under the statute or that Defendants are liable for the misconduct alleged. Accordingly, the court recommends that the district judge dismiss Johnson's disability discrimination claim under Title II of the ADA for failure to state a claim.

### C.    CONCLUSION

The court recognizes that a pro se litigant's pleadings are to be construed liberally. *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). However, it is not the court's function "to assume the role of advocate for the pro se litigant"; in fact, the district court may dismiss the complaint "sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation marks and citation omitted). The court finds this to be the situation here. For the reasons explained above, the court lacks subject matter jurisdiction over Johnson's § 1983 claims because they are barred by Eleventh Amendment sovereign immunity and by absolute judicial immunity. The court also lacks subject matter jurisdiction over Johnson's ADA claim against Judge Goodenow because the claim is barred by absolute judicial immunity. Finally, Johnson's complaint fails to state a claim under Title II of the

ADA. The court therefore recommends that the district judge dismiss Johnson's complaint pursuant to § 1915(e)(2)(B)(ii) and (iii).

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Johnson may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If he does not file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court. *See In re Key Energy Res. Inc*., 230 F.3d 1197, 1199-1200 (10th Cir. 2000); *Tastan v. Los Alamos Nat'l Sec.,* LLC, 809 F. App'x. 498, 504 (10th Cir. 2020).

**IT IS THEREFORE ORDERED** that Johnson's Motion for Leave to Proceed IFP (ECF 3) is granted.

**IT IS FURTHER RECOMMENDED** that Johnson's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Order and Report and Recommendation to Johnson via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated January 26, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
