## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KYLE JOHNSON,

       *Plaintiff,*

v.                                  Case No. 26-2005-EFM-ADM

STEPHANIE GOODENOW, *et al.*,

       *Defendants.*

## MEMORANDUM AND ORDER

This matter is before the Court on Magistrate Judge Angel D. Mitchell's Report and Recommendation (Doc. 7) that Plaintiff's Complaint (Doc. 1) be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. In the Complaint, Plaintiff Kyle Johnson, pro se, alleges claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA") against Defendants concerning his ongoing family court case in Johnson County, Kansas. Plaintiff filed timely objections to the Report and Recommendation. Plaintiff also moves for a Temporary Restraining Order ("TRO") and for a Preliminary Injunction (Doc. 5).

Having reviewed the Magistrate Judge's Report and Recommendation and Plaintiff's objections, the Court agrees with and adopts the Report and Recommendation concerning Plaintiff's claims against Defendants Judge Stephanie Goodenow, the Chief Judge of the 10th Judicial District, and the Johnson County District Court in its entirety. The Court does not adopt the Report's recommendation that Plaintiff's 42 U.S.C. § 1983 claim against Defendant Johnson

County, Kansas be dismissed as barred by sovereign immunity[1] and § 1983's "person" requirement.[2] But the Court adopts the Report's recommendation that Plaintiff's § 1983 and ADA claims against Johnson County be dismissed for failure to state a claim. Because the Court dismisses Plaintiff's Complaint against all Defendants, his pending request for a TRO and a preliminary injunction is moot.

**IT IS THEREFORE ORDERED** the Court **ADOPTS in part** the Report and Recommendation (Doc. 7) and Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) is **DENIED as moot.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 11th day of February, 2026.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[1] "In terms of scope, Eleventh Amendment immunity extends to states and state entities *but not to counties*, municipalities, or other local government entities." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (emphasis added) (citing *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280 (1977)).

[2] As a local governmental unit, a county is deemed a "person" within the meaning of § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 689–90 (1978).